**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Marta RODRIGUEZ and Raul Jesus Alverez, Defendants-Appellants.**

No. 72–1909

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 9, 1973.

Rehearings Denied May 17, 1973.

Lewis Williams, Eugene J. Howard, Miami, Fla., for Rodriguez.

Donald I. Bierman, Miami, Fla., for Alverez.

Robert W. Rust, U. S. Atty., Barbara E. Vicevich, Asst. U. S. Atty., Miami, Fla., for United States.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant Marta Rodriguez was convicted by a jury of distribution of heroin and cocaine, of possession of those narcotics with intent to distribute them, and of conspiracy to commit the foregoing offenses. Appellant Raul Alverez was convicted after a separate jury trial of conspiracy to possess and distribute the narcotics.

Alverez contends that the evidence was insufficient to support his conviction. The record shows that Alverez was to obtain narcotics, destined for Chicago, from an anonymous "connection," and was to give the narcotics to an alleged co-conspirator, Rene Vandenades, in Miami, Florida. The Government, through the testimony of a paid informant, proved that Alverez met Vandenades and/or the informant in Miami on three occasions.

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

At the first meeting, Alverez said that his "connection" was reluctant to deal with Vandenades because Vandenades was "hot"; but he told Vandenades to go to the beach that afternoon. The first meeting was abruptly terminated when a companion of Alverez told the group that he suspected that they were under surveillance. Later that day, Alverez met the informant for a second time. Alverez again said that the connection was afraid that Vandenades' involvement might result in the loss of "four or five kilos," worth a considerable sum, but told the informant to rent a car and be prepared to leave for Chicago the following morning. Alverez did not appear at the appointed time the next morning, but during his third meeting with the informant that night he explained that he had been unable to appear because he was trying (unsuccessfully) to get "something" from the connection. At this third meeting, Alverez asked Vandenades to accompany him the next day to negotiate with the connection.

This was the sum of the Government's direct evidence against Alverez. The remainder of the testimony showed that Vandenades abandoned the scheme of sending narcotics to Chicago and decided to send them instead to New York. The informant, accompanied by Marta Rodriguez, drove Vandenades to a service station where he took the narcotics from the trunk of his car; the informant and Rodriguez then drove around Miami while Vandenades made up smaller packages of narcotics in the back seat of the informant's car.

The Government's case against Alverez was hardly conclusive, but viewing the evidence in the light most favorable to the Government we believe there was sufficient evidence upon which the jury could base a finding of guilt beyond a reasonable doubt. In none of Alverez's meetings with Vandenades or the informant were the words "narcotics," "heroin," or "cocaine" used; but a special agent of the Bureau of Narcotics and Dangerous Drugs testified that when Alverez said "kilos" he was using the common reference to a quantity of narcotics. Moreover, we cannot accept the contention that Alverez did nothing in furtherance of the conspiracy, because the record clearly demonstrates that Alverez was negotiating with the connection for the narcotics, and enlisted Vandenades' aid when the connection appeared ready to abandon the deal. Finally, even considering Vandenades' change of plans with regard to the destination of the narcotics, we are not prepared to say that the jury could not reasonably conclude that Alverez's negotiations with the connection enabled Vandenades to ultimately obtain the narcotics. Therefore, we reject Alverez's claim that there was insufficient evidence to warrant his conviction.

We have considered the other contentions of both appellants, and find them to be without merit.

Affirmed.